**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**TAMARA D. AMICK,**

      **Plaintiff,**

**v.**                                                                    **Civil Action No.** <u>2:25:cv-549</u>

**CHRISTAL G. PERRY, individually (Appointee of MARK HUNT,**
**West Virginia State Auditor);**
**MARK HUNT, acting as Deputy Commissioner of Delinquent and**
**Non-entered Lands, in both his individual and official capacities,**
**WVTA, LLC, and OAK HALL,**

      **Defendants.**

## COMPLAINT

1.      This action, brought pursuant to 42 U.S.C. § 1983, seeks declaratory and injunctive relief to declare null and void a February 6, 2025, tax deed wrongly depriving Plaintiff Tammy D. Amick of legal title, ownership, possession rights, and the right to redeem the childhood home in which she has lived since 2021.

2.      Defendant Christal G. Perry, exercising legal authority expressly delegated to her by Defendant Mark Hunt, West Virginia State Auditor, executed that tax deed in favor of Defendant WVTA LLC, thereby depriving Plaintiff Tammy D. Amick of her constitutionally protected property rights in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, and in violation of state law.

3.      As shown by the facts pleaded herein, Defendants WVTA, LLC and Hall were willing participants in the joint process and actions with Defendants Hunt and Perry which violated Plaintiff's constitutional rights. Defendants WVTA, LLC and Hall intentionally sought and

invoked the state action which deprived Plaintiff of her home and were the primary windfall beneficiaries of the cooperative actions with Defendants Hunt and Perry complained of herein.

4.      Defendants were therefore joint tortfeasors acting in concert under color of state law to deprive Plaintiff of her property and her constitutional rights. Defendants are therefore jointly and severally liable for Plaintiff's injuries, the loss of her rights, and the damages thereby suffered.

**JURISDICTION**

5.      This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (3) and (4).

6.      It has jurisdiction over Plaintiff's related state law claim under 28 U.S.C. § 1367.

7.      Venue is proper in the Charleston Division of the District Court for the Southern District of West Virginia because all defendants operate in the Charleston catchment area for that district, the taking at issue concerns property located in the Charleston catchment area for that district, and all or a substantial portion of the events giving rise to this action occurred in the Charleston catchment area for that district.

**PARTIES**

8.      Plaintiff Tammy D. Amick is an unmarried, disabled woman who has lived alone in her childhood home at 24 Church Street, Richwood, West Virginia since 2021. Ms. Amick inherited the home from her mother, Barbara Peters, at the time of Ms. Peters's death on August 18, 2018.

9.      Until 2021, Ms. Amick resided at 62 Navajo Rd., Craigsville, West Virginia with her partner. Upon his death, she moved into the Church Street home where she has resided and received mail continuously since.

10.    The Church Street home is a modest, eighty-year-old concrete block structure of about 1,150 square feet which the Nicholas County Assessor has appraised as having a 2025 value of $27,700, including the building and the 0.07 acre on which it was constructed.

11.    The garage for the home sits next to it on a separately platted lot of 0.04 acreage.

12.    At all times relevant until February 6, 2025, Plaintiff held a constitutionally protected property interest in the ownership of the home at 24 Church Street, Richwood, WV, the equity therein, and an equitable right to the amount by which the fair market value of that home exceeded any tax debt to which it was subject.

13.    Defendant Mark Hunt is the duly elected State Auditor of West Virginia. He is sued in his official capacity as the final state officer responsible for implementing West Virginia's statutory tax lien/deed process, and in his individual capacity for personally directing, approving, and ratifying the deprivation of Plaintiff's rights under color of law.

14.    Defendant Christal G. Perry is sued in her individual capacity for executing the tax deed dated February 6, 2025. Perry acted under color of state law that deprived Plaintiff of her constitutional rights.

15.    The Auditor, Mark Hunt, delegated to his appointee, Christal G. Perry, the legal authority to execute, as grantor, a tax deed to transfer legal title and ownership of the real estate comprising Plaintiff's home to Defendant WVTA, LLC. WVTA, LLC is a West Virginia limited liability entity established and operated by Defendant Oak Hall as its only member. At the time in question, WVTA, LLC owned a tax lien on Plaintiff's home in the approximate amount of $2,066.00.

16.    Pursuant to her appointment, in exercise of state authority delegated to her by Mark Hunt, Perry officially executed as grantor a tax deed dated February 6, 2025, which deprived

Plaintiff of ownership, legal title, all redemption rights, and the equity value of her home under color of law, transferring legal title, ownership, and the unencumbered value of that home to Defendant WVTA, LLC in response to Defendant's submission of documents needed to obtain a tax deed under W. Va. Code § 11A-3-52.

17.    WVTA LLC ("WVTA") is a West Virginia limited liability company with a principal place of business at 18102 Seneca Trail, Marlinton, West Virginia 24954. On April 24, 2023, WVTA paid the state $2,200.00 to purchase a $568.31 tax lien on Plaintiff's home for unpaid 2021 taxes.

18.    Oak Hall is a natural person residing at 18102 Seneca Trail, Marlinton, West Virginia, 24954. Mr. Hall is the incorporator and principal of Defendant WVTA. Mr. Hall and alter ego entities such as WVTA, LLC and WVTB, LLC are well-known speculators in the West Virginia "tax lien sale/tax deed" property tax collection system, regularly buying many tax liens in counties all over the state as a major component of the real estate business he carries on through them.

19.    There is a unity of interest and ownership between Defendant WVTA and Hall such that the separate personalities of the corporation and of Mr. Hall no longer exists. An inequitable result would occur if the acts complained of below are treated as those of the limited liability company alone.

20.    As to the matters at issue, Mr. Hall and WVTA worked under color of state law to implement West Virginia's "tax lien sale/tax deed" property tax collection procedures so as to deprive Plaintiff unconstitutionally of her home, in violation of due process and state law rights.

**FACTS**

21.     At the time of her death on August 18, 2018, Plaintiff's mother, Barbara Peters, held in fee simple a small house at 24 Church Street, Richwood, West Virginia in which Plaintiff Tammy Amick had been reared.

22.     On September 11, 2018, Barbara Peters' will was recorded at Book 40, Page 502 of the Will Book of the Nicholas County Clerk. Paragraph 3.1 of that will made the following devise:

> 3.1 I give, devise, and bequeath unto my daughter, Tammy Peters Amick, all of my property (real, personal, and mixed) of which I die seized (sic) or possessed of whatever kind and description and wherever located.

23.     Ms. Amick, who then lived with her partner at 62 Navajo Rd., Craigsville, West Virginia, was duly appointed Executrix of that will by the Nicholas County Commission. Notice was duly given to all who had claims against the Estate to file proofs of such on or before January 1, 2018.

24.     No claims were ever filed. The Estate has not yet been closed.

25.     At the time of Barbara Peters' death, the home at 24 Church Street had been held as rental property for some years.

26.     Ms. Amick's partner died on October 14, 2020. Ms. Amick had no claim to continue residing at the Navajo Road address in Craigsville.

27.     Therefore in 2021, Ms. Amick moved back into her childhood home at 24 Church Street. At that time, she submitted the proper change of address forms to the United States Post Office and thereafter received her mail, both new and forwarded mail, at the Church Street address.

28.     Ms. Amick's income is meager, consisting only of Social Security Disability benefits and a small state pension.

29.     Ms. Amick generally pays all her state property taxes at one time.

30.     At some unknown time, the Nicholas County tax office inadvertently transposed her mother's name on the tax account for the 24 Church Street home, so that the tax billings for the home were listed as Peters Barbara. Those billings stopped coming to Ms. Amick.

31.     Because those bills were misdirected, Ms. Amick's yearly payment for tax year 2021 did not include the property taxes for the Church Street home, a fact of which she was unaware.

32.     Plaintiff's failure to pay the 2021 taxes when due was not intentional and was not in furtherance of any attempt or desire to avoid payment of a just debt.

33.     On October 21, 2022, delinquent taxes in the amount of $536.14 were certified to the State Auditor for collection. At that time, the $536.14 in unpaid taxes constituted a statutory tax lien on the Church Street home.

34.     On April 24, 2023, Defendant WVTA, in an action which on information and belief was taken with the approval and at the direction of Defendant Hall, bid $2,200.00 to obtain ownership of the state's $536.14 tax lien on Plaintiff's home.

35.     On July 27, 2023, WVTA and Mr. Hall submitted to the State Auditor's Office a letter from their agent, attorney Michael Doss, which certified the costs paid to create a list of persons who must be served with notice of their right to redeem the tax lien on the Church Street property in the fashion required under state law, before WVTA would be entitled to have the Auditor sign a tax deed in WVTA's favor conveying all right, title, and equity in Plaintiff's home to WVTA.

36.    The title search submitted to the Auditor by Defendants WVTA and Hall identified Barbara Peters and Tamara Amick as persons entitled to receive notice of the right to redeem the Church Street property under state law.

37.    Defendants WVTA and Hall provided one address for certified mail service of notice of the right to redeem on Barbara Peters: 62 Navajo Rd., Richwood WV.

38.    There is no such address in Richwood, West Virginia.

39.    Defendants WVTA and Hall never requested certified mail service be made on the Estate of Barbara Peters, although their agent's notation of the book and page number of the filing of Barbara Peters' will indicates he knew or should have known of the pendency of her estate, with Tamara Amick as her Executrix.

40.    Defendants WVTA and Hall requested certified mail service of notice of her right to redeem on Tamara Amick at four different addresses, including "62 Navajo Rd. Craigsville, WV."

41.    Certified mail service never succeeded as to Barbara Peters or Tamara Amick. All notices addressed to them by certified mail were returned undelivered by the U.S. Post Office.

42.    In July 2024, the Auditor's office determined that proper service of notice of the right to redeem had not been made as required by law upon either Barbara Peters or Tamara Amick.

43.    Mr. Hunt's office therefore issued notices to Defendant WVTA on July 17, 2024, that service of notice of the right to redeem had failed as to Barbara Peters and Tamara Amick, and that WVTA was required to provide additional funds to pay for personal service of the notice upon Barbara Peters and Tamara Amick. The notices demanded that WVTA provide new addresses with "sufficient information to execute personal service."

44.    Defendant WVTA provided no new address or sufficient information to execute personal service, directing that personal service on Barbara Peters and Tamara Amick be attempted at the same addresses from which certified mail had been returned undelivered.

45.    Personal service directed to Tamara Amick at 62 Navajo Street, Craigsville, WV was returned as unsuccessful by the Nicholas County Sheriff on September 18, 2024, with the Sheriff's notation "This person does not live here."

46.    No further or additional attempts were made thereafter to serve Tamara Amick with notice of her right to redeem the home.

47.    Personal service directed to Barbara Peters at 62 Navajo Street, Richwood, WV was returned as unsuccessful by the Nicholas County Sheriff on September 16, 2024, with the note "this address does not exist."

48.    At no time did Defendants WVTA or Hall request notice of the right to redeem the tax lien on 24 Church Street, Richwood WV be sent to Barbara Peters, the Estate of Barbara Peters, or Tamara Amick at the 24 Church Street, Richwood, WV address.

49.    No attempt was ever made to address certified mail service of notice of the right to redeem to Barbara Peters, the Estate of Barbara Peters, or Tamara Amick at the 24 Church Street, Richwood, WV address which was the subject of the tax lien.

50.    Ms. Amick never received notice of her right to redeem her home prior to Perry's execution of the February 6, 2025, tax deed confiscating her home by transferring it and all its unencumbered value to WVTA.

51.    Ms. Amick never signed for certified mail notice of the right to redeem her home from the tax lien owned by WVTA.

52.     Ms. Amick was never personally served with notice of her right to redeem her home before Perry deprived her of title to her home by deeding it to WVTA.

53.      Despite what Hunt's own records showed as to the failure to properly serve Ms. Amick with notice of her right to redeem her home in the fashion required by both state law and due process, Hunt nonetheless personally authorized and directed Christal G. Perry to sign and issue a tax deed taking Ms. Amick's home from her and conveying it to Defendant WVTA, despite his office's documented knowledge that both certified mail and personal service had failed. Like in *O'Neal v. Rollyson*, 729 F. App'x 254 (4th Cir. 2018), Defendant Hunt knew or should have known that constitutionally required notice had not been given yet he approved the transfer of title anyway.

54.     Defendants failed to take or require the taking of available, undemanding steps reasonably calculated to provide Ms. Amick actual notice of her right to redeem WVTA's tax lien.

55.     Defendant Perry had an independent duty, as the official executing the deed, to ensure that its issuance complied with both statutory and constitutional notice requirements. Defendant Perry knew or should have known that notice had failed because the file she executed from documented undelivered certified mail and unsuccessful personal service, yet Perry knowingly executed the deed in the face of defective notice, thereby personally depriving Plaintiff of her property without due process of law.

56.     The Due Process Clause of the United States Constitution required that Defendants employ a means of notice as "one desirous of actually informing" Plaintiff of her right to redeem the tax lien on her home. *Jones v. Flowers*, 547 U.S. 220, 229 (2006).

57.     The Fourth Circuit has held that when certified mail notice fails, "reasonable diligence required [the tax purchaser] to search all publicly available county records once the

9

prompt return of the mailings made clear that its initial examination of the title…had not netted the [owners'] correct address." *See Plemons v. Gale*, 396 F.3d 569, 578 (4th Cir. 2005).

58.    By February 2025, the law was clearly established that officials responsible for issuing tax deeds must take additional reasonable steps when mailed or personal service notices are returned undeliverable. The Fourth Circuit's decision in *O'Neal v. Rollyson*, 729 F. App'x 254 (4th Cir. 2018), squarely applied this principle to West Virginia's tax deed process, holding that a state official was personally liable under § 1983 when he executed a deed after defective notice. Hunt and Perry's conduct was materially indistinguishable, and they therefore acted in violation of clearly established law. As in *O'Neal*, an official with delegated authority to approve/issue the deed cannot proceed when notice has plainly failed.

59.    Defendants WVTA and Hall failed to act with necessary diligence to achieve proper due process notice, and Hunt and Perry wrongly failed to require that be done.

60.    For instance, since the probated will identified by attorney Doss's title search as recorded at "40/502" named Ms. Amick as the person who inherited the Church Street home, one in diligent search of a correct address for Ms. Amick would have investigated whether Ms. Amick, the legal owner of the subject home, might in fact be residing at the home.

61.    But at no time was there any attempt to make personal service of the notice of right to redeem upon her at the home, or to send notice to her by certified mail service addressed to her at 24 Church Street, Richwood, WV.

62.    Moreover, diligence exercised by review of the publicly available Nicholas County tax records would have revealed that Tamara Amick was paying property taxes on the small plot containing the garage right next to the 24 Church Street house, and that her address on the tax records for that physically affiliated plot was listed as 24 Church Street, Richwood, WV.

10

63.    Additionally, county records for Ms. Amick's payment of annual property taxes on her car also indicated her current address to be 24 Church Street, Richwood, WV.

64.    Had Defendants WVTA and Hall exercised the required diligence in attempting to provide Ms. Amick with notice of her right to redeem or had Hunt and Perry required that be done, as was their duty under due process and state law, this minimal, obvious effort would have allowed Ms. Amick opportunity to redeem her home.

65.    WVTA and Hall also knew or should have known from their own title search and the Auditor's correspondence that notice efforts had failed, yet they pressed for issuance of the deed without supplying new addresses or information to enable lawful service, and thus acted in concert with Hunt and Perry under color of state law.

66.    Because defendants failed to exercise reasonable diligence to provide Ms. Amick with notice as required by state law and due process, or to require such be done before granting a tax deed, Plaintiff Amick was wrongly deprived of title and ownership of her home, in violation of state law and the due process clause.

67.    Under both federal and state law, the February 6, 2025, tax deed which the state defendants issued to Defendant WVTA is therefore null and void.

68.    Defendant Hall has now told Plaintiff that she must vacate her home, rent the home, or face an eviction action, threatened injuries for which she has no adequate remedy at law.

69.    Defendants WVTA and Hall worked in concert with Hunt and Perry to procure the February 6, 2025 deed despite knowing that statutory and constitutional notice requirements had not been satisfied. Their joint participation in this state action makes them liable under § 1983 as willful participants in conduct under color of law.

70.     Plaintiff has been and is being injured from Defendants' unconstitutional and wrongful acts in concert, including by loss of legal title and ownership of the home at 24 Church Street, Richwood, WV, loss of her equitable redemption rights, and confiscation of all rights and equity she held in that home before February 6, 2025.

71.     Plaintiff has suffered and is suffering other injuries, including worry, anxiety, mental and emotional distress, as well as fear that she will become homeless if Defendant Hall persists in his threats to evict her from her childhood home.

### FIRST CLAIM FOR RELIEF
### Violation of Due Process

72.     Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

73.     Plaintiff had a constitutionally protected property interest in her home, equity, and redemption rights. Defendants Hunt (official & individual), Perry (individual), WVTA, and Hall, acting jointly under color of state law, deprived Plaintiff of those interests without constitutionally adequate notice or opportunity to be heard.

74.     The deprivation occurred through the execution of the February 6, 2025 tax deed, which transferred Plaintiff's property without due process of law.

75.     Hunt and Perry are not entitled to qualified immunity. In *O'Neal v. Rollyson*, 729 F. App'x 254 (4th Cir. 2018), the Court of Appeals for the Fourth Circuit held that a West Virginia Deputy Commissioner of Delinquent Lands violated the Fourteenth Amendment by executing a tax deed despite knowing that redemption notices had been returned undeliverable. The court rejected the state official's claim of qualified immunity, explaining that *Jones v. Flowers*, 547 U.S. 220 (2006), and *Plemons v. Gale*, 396 F.3d 569 (4th Cir. 2005), had already clearly established

that state officials must take additional reasonable steps to provide notice when mailed notice is defective.

76.    As in *O'Neal*, Defendants Hunt and Perry knowingly allowed and executed the transfer of Plaintiff's home despite constitutionally defective notice. No reasonable official could believe such conduct lawful. Their deliberate, knowing, and willful acts and failures to act, undertaken jointly in concert and under color of state law, deprived Plaintiff of rights guaranteed by the Fourteenth Amendment and 42 U.S.C. § 1983, to Plaintiff's continuing injury as pleaded above.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)    that the Court issue a declaratory judgment that the February 6, 2025, tax deed held by Defendant WVTA is null and void, having been issued in violation of the Constitution;

(b)    that the Court award Plaintiff compensatory and consequential damages against Defendants Hunt (in his individual capacity), Perry (individual), WVTA and Hall;

(c)    that the Court award punitive damages against Defendants Perry, WVTA, and Hall for their willful, knowing, and deliberate misconduct, and against Defendant Hunt (in his individual capacity) to the extent there is a showing of willful, knowing, and deliberate misconduct;

(d)    that the Court order Defendants to pay Plaintiff her litigation costs and a reasonable attorney fee under 42 U.S.C. § 1988;

(e)    that Plaintiff be awarded all other relief to which she may be entitled in law or equity.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF STATE LAW**

77.     Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

78.     Under West Va. Chapter § 11A-3, Plaintiff was entitled to receive proper notice of her right to redeem served on her in the fashion required by law, and not to lose her home by execution of a tax deed in favor of Defendant WVTA without full and strict compliance with the specific protections of the statutory procedures that Defendants Hunt and Perry were required to enforce.

79.     Defendants acting jointly in concert under color of state law willfully, deliberately, knowingly, and/or negligently failed or refused to comply with or require compliance with those statutory requirements, denying Plaintiff her rights under state law, to her continuing injury as pleaded above.

80.     In *O'Neal v. Rollyson*, 729 F. App'x 254 (4th Cir. 2018), the Fourth Circuit expressly recognized that the notice provisions of W. Va. Code §§ 11A-3-52 to -55 are central to both state law compliance and constitutional due process. The court affirmed that a West Virginia official who executed a tax deed without ensuring proper notice could not avoid responsibility by shifting the burden onto the purchaser, and it voided reliance on statutory authority where state officials failed to provide the mandated protections.

81.     Just as in *O'Neal*, Defendants Hunt and Perry failed to ensure that redemption notices were properly served in compliance with state law before approving and executing a tax deed. Their failures rendered the February 6, 2025 deed unlawful and void under West Virginia law.

**WHEREFORE**, Plaintiff asks that the Court award her the following relief:

(a)  that the Court issue a declaratory judgment that the February 6, 2025, tax deed held by Defendant WVTA is null and void, having been issued in violation of state law;

(b)  that the Court award Plaintiff compensatory and consequential damages against Defendants Hunt (in his individual capacity), Perry (individual), WVTA and Hall;

(c)  that the Court award punitive damages against Defendants Perry, WVTA, and Hall for their willful, knowing, and deliberate misconduct, and against Defendant Hunt (in his individual capacity) to the extent there is a showing of willful, knowing, and deliberate misconduct;

(d)  that the Court award Plaintiff her litigation costs and a reasonable attorney fee;

(e)  that Plaintiff be awarded all other relief to which she may be entitled in law or equity.

**Respectfully submitted,**
**TAMARA D. AMICK,**
**Plaintiff,**

By: s/Michael Nissim-Sabat
Michael Nissim-Sabat (WV State Bar No. 12233)
Gary M. Smith (WV State Bar No. 12602)
MOUNTAIN STATE JUSTICE, INC.
1029 University Ave., Suite 101
Morgantown, West Virginia 26505
Telephone: (304) 326-0188
Facsimile: (304) 326-0189
Email: michael@msjlaw.org
Email: gary@msjlaw.org
*Counsel for Plaintiff*