**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

TAMARA D. AMICK,

Plaintiff,

v. CIVIL ACTION NO. 2:25-cv-00549

CHRISTAL G. PERRY, et al.,

Defendants.

**ORDER**

Pending is Defendants Christal G. Perry and Mark Hunt's Motion for Extension of Time and for Leave to File Motion for Summary Judgment, [ECF No. 39]. Plaintiff Tamara D. Amick responded indicating she takes no position on the motion. [ECF No. 40]. The matter is ripe for adjudication.

Pursuant to *Federal Rule of Civil Procedure* 6(b)(1)(B), "[w]hen an act must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "A court may grant a motion for extension of time that is made after a filing deadline has passed only if the movant 'failed to act because of excusable neglect.'" *Case v. Beasley*, 167 F.4th 651, 664 (4th Cir. 2026) (quoting Fed. R. Civ. P. 6(b)(1)(B)); *see also In re Am. Nurses Ass'n*, 643 F. App'x 310, 313 (4th Cir. 2016) ("Where a deadline to file a motion has elapsed, . . . the time-delinquent party [must] . . . demonstrate[] excusable neglect for the delay." (citing Fed. R. Civ. P. 6(b)(1)(B)). The court considers the following factors: "[(1)] the danger of prejudice [to the other party], [(2)] the length of the delay and its potential impact on judicial proceedings, [(3)]

the reason for the delay, including whether it was within the reasonable control of the movant, and [(4)] whether the movant acted in good faith." *In re MI Windows & Doors, Inc., Prods. Liab. Litig.*, 860 F.3d 218, 226 (4th Cir. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *see also In re Am. Nurses Ass'n*, 643 F. App'x at 313 (quoting *Pioneer Inv. Serv. Co.*, 507 U.S. at 395)).

The court previously denied without prejudice the motion to extend time pursuant to Rule 6(b) based on Defendants' counsel's failure to address "the reason for the delay." *Justus v. Clarke*, 78 F.4th 97, 108 (4th Cir. 2023) (quoting *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)) (internal quotation marks omitted). *See* [ECF Nos. 33, 38]. Counsel has now done so, and the factors support granting the motion. *See* [ECF No. 39]. Accordingly, the Motion for Extension of Time and for Leave to File Motion for Summary Judgment, [**ECF No. 39**], is **GRANTED**. The Court **DIRECTS** the Clerk to file on the docket Defendants' motion for summary judgment along with the attached exhibits and the memorandum of law in support, which are attached as exhibits to the instant motion, [**ECF Nos. 39-1, 39-2**]. Plaintiff shall respond by **September 22, 2026**, and Defendants shall reply by **September 29, 2026**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

The court further **DIRECTS** the Clerk to post a copy of this published order on the court's website, www.wvsd.uscourts.gov.

ENTER: September 8, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE